IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| REGINALD L. GREEN,            § | |
|     Petitioner,            § | |
| § | |
| v.            § | Civil Action No. 4:09-CV-159-A |
| § | |
| NATHANIEL QUARTERMAN, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division,            § | |
|     Respondent.            § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

### B. PARTIES

Petitioner Reginald L. Green, TDCJ # 1304619, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Iowa Park, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

### C. FACTUAL AND PROCEDURAL HISTORY

In 2004 Green was charged in Tarrant County, Texas, with two instances of possession of

a controlled substance, the first occurring on November 30 (Cause No. 0958616D) and the second on December 15 (Cause No. 0959649D), and in 2005 with delivery of a controlled subtance (Cause No. 0959648D). (State Habeas R. at 27-35)  On May 20, 2005, Green entered negotiated guilty pleas to the possession charges and a plea in bar to the delivery charge and was sentenced to ten years' confinement in each case. (Resp't Answer, Exhibit A)  Green did not directly appeal his convictions or sentences.

On September 11, 2007, counsel for Green filed an application for writ of habeas corpus in state court in Cause No. 0959648D requesting dismissal of the case even though prosecution was barred. *Ex parte Green*, Appl. No. WR-68,605-01. The Texas Court of Criminal Appeals dismissed the application without written order because Green had no conviction for the offense. *Id.* at cover. On September 11, 2007, counsel also filed a state habeas application in Cause No. 0959649D, which was granted by the Texas Court of Criminal Appeals and the conviction vacated. *Ex parte Green*, Appl. No. WR-68,605-02, slip op. Telephonic communication with the Texas Department of Criminal Justice, Correctional Institutions Division, confirms that Green continues to serve his 10-year sentence in Cause No. 0958616D and has a projected release date of May 2011. Green filed this federal petition for writ of habeas corpus on February 27, 2009.[1] Quarterman has filed an answer seeking denial of the petition because Green's claims are not cognizable on federal habeas review or dismissal of the petition on limitations or exhaustion grounds. (Resp't Answer at 3-13)

D.  Issues

Green claims he received ineffective assistance of counsel because his state habeas attorney

---

[1] A pro se habeas petition is deemed filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

failed to file (1) a state application for habeas relief challenging his conviction and (2) "a writ of habeas corpus declining the judge's offer to extend the time to file the application." (Petition at 7)

E. DISCUSSION

Green's claim of ineffective assistance of counsel on collateral review is not cognizable under federal habeas law. The ineffectiveness or incompetence of counsel during federal or state collateral post-conviction proceedings is not grounds for relief in a section 2254 proceeding. 28 U.S.C. § 2254(I). Statutory provisions aside, the Supreme Court has long recognized that there is no constitutional right to counsel in state post-conviction proceedings. *See Coleman v. Thompson,* 501 U.S. 722, 752 (1991). Because a petitioner does not have a constitutional right to counsel in post-conviction habeas proceedings, it follows that a petitioner cannot claim ineffective assistance of counsel in such proceedings. *Irving v. Hargett,* 59 F.3d 23, 26 (5th Cir. 1995); *see also In re Goff,* 250 F.3d 273, 275 (5th Cir. 2001) ("The Supreme Court has explicitly held that there is no protected Sixth Amendment right to counsel in state post-conviction proceedings."). Because Green's claims are not cognizable on federal habeas corpus review, he is not entitled to relief.

## II. RECOMMENDATION

Green's petition for writ of habeas corpus should be denied.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file

3

specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until July 28, 2009. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until July 28, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED July 7, 2009.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE

4