IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| REGINALD L. GREEN, | § | |
| | § | |
| Applicant, | § | |
| | § | |
| VS. | § | NO. 4:09-CV-159-A |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

O R D E R

Came on for consideration the above-captioned action wherein Reginald L. Green ("Green") is applicant[1] and Nathaniel Quarterman, Director, Texas Department of Criminal Justice, Correctional Institutions Division, is respondent. This is an application for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On July 7, 2009, the United States Magistrate Judge issued his proposed findings and conclusions, and a recommendation ("FC&R"), and ordered that the parties file objections, if any, thereto by July 28, 2009. On July 23, 2009, Green filed his objections. Respondent has not made any further response. In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of

---

[1] Applicant refers to his application as "petition" and to himself as "petitioner." Consistent with the language of 28 U.S.C. § 2254, the court uses the terms "applicant" and "application" instead of "petitioner" and "petition."

the Federal Rules of Civil Procedure, the court makes a <u>de novo</u> determination of those portions of the proposed findings or recommendations to which specific objection is made. <u>United States v. Raddatz</u>, 447 U.S. 667 (1980). The court is not addressing any nonspecific objections or any frivolous or conclusory objections. <u>Battle v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987); <u>see also</u> <u>Edmond v. Collins</u>, 8 F.3d 290, 293 n.7 (5th Cir. 1993).

The Magistrate Judge recommended that Green's application be denied. The application seeks relief on the grounds of ineffective assistance of counsel, as Green claims his court-appointed attorney failed to file a state application for habeas relief or "a writ of habeas corpus declining the judge's offer to extend the time to file the application." App. at 7. The Magistrate Judge concluded that Green failed to show the violation of a constitutionally protected interest, as a prisoner has no constitutional right to counsel in post-conviction habeas proceedings.

Green's objections fail to address the FC&R. The objections contain a lengthy discussion of procedural matters and otherwise appear to object primarily to an issue related to the "Parole Board." Nothing in the application pertains to the "Parole

2

Board." Green raises no objections directed to the FC&R. The court need not address these nonspecific objections. See Battle, 834 F.2d at 421; Edmond, 8 F.3d at 293 n.7. Accordingly, Green has adduced nothing that entitles him to relief.

Therefore,

The court accepts the recommendation of the Magistrate Judge, and ORDERS that the application of Green for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied.

SIGNED August 10, 2009.

JOHN McBRYDE
United States District Judge